# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RAYMOND PADILLA,<br><br>          Plaintiff,<br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>          Defendant. | Case No. 2:20-cv-00066-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Raymond Padilla's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Padilla's in forma pauperis application is denied without prejudice.

## DISCUSSION

Padilla's filings present two questions: (1) whether Padilla may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Padilla's complaint states a plausible claim for relief.

### I.     Whether Padilla May Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period

immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated in High Desert State Prison. (ECF No. 1 at 4). Plaintiff filed an affidavit, but he did not submit a certified copy of the trust fund account statement (or institutional equivalent), obtained from the appropriate official of the High Desert State Prison, for the 6-month period immediately preceding the filing of his complaint. Plaintiffs' application to proceed *in forma pauperis* is denied without prejudice.

## II.     Padilla's Complaint Fails to States a Plausible Claim

Though the Court does not need to screen plaintiff's complaint at this time, the Court will provide guidance to plaintiff on the screening that will take place should plaintiff's application be granted in the future.

### a. Padilla's Claims in the Complaint

Plaintiff brings claims pursuant to 42 U.S.C. Section 1983. (ECF No. 1-1 at 1). Padilla filed this action against the State of Nevada, the Clark County District Attorney's Office, Elizabeth Mercer (District Attorney), Genevieve Craggs (District Attorney), Robert Knickerbocker (North Las Vegas Officer), Daryl Reitz (North Las Vegas Officer), and Alex Ochoa (North Las Vegas Detective). Plaintiff alleges that defendants should be liable because his confinement is based upon violations of his

constitutional rights and his conviction is illegal. (*Id.* at 7-8). Plaintiff alleges that the named district attorneys, "attempted to hide the illegal conduct of North Las Vegas Police Officers and Detectives" regarding an illegal search of his car and that district attorney Mercer wrongfully told the jury at his trial that the plaintiff is a murderer. (*Id*. at 6).

### i. 42 U.S.C.S. Section 1983

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S*., 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

Plaintiff's complaint challenges the evidence and arguments that the government presented at his jury trial, which implicates his continuing confinement. When a prisoner claims he is incarcerated due to the evidence, testimony, and arguments the government presented at his trial, this "implie[s] the invalidity of the [prisoner's] confinement; therefore [the prisoner's] sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004).

Plaintiff does not have standing to bring a § 1983 claim to challenge the alleged defects at his

trial. Plaintiff's claims challenge the invalidity of his confinement, and thus he fails to state a § 1983 claim against the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action. While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff is incarcerated and gives no indication in his complaint that his conviction has been overturned by any court. If Padilla files his affidavit, he should consider filing an amended complaint that explains how the Court has jurisdiction over the defendants.

ACCORDINGLY,

IT IS ORDERED that plaintiff Padilla's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by Friday, March 6, 2020, plaintiff must either (1) file an application to proceed in forma pauperis that includes his trust account statement or (2) plaintiff must pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 6th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE