UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RAYMOND PADILLA,<br><br>             Plaintiff,<br>vs.<br><br>STATE OF NEVADA, *et al*.,<br><br>             Defendant. | Case No. 2:20-cv-00066-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1); AMENDED COMPLAINT (ECF NO. 11); NOTICE OF FINANCIAL STATEMENT (ECF NO. 12) |

      Before the Court are pro se plaintiff Raymond Padilla's application to proceed in forma pauperis (ECF No. 1), amended complaint (ECF No. 11), and his notice of financial statement (ECF No. 12). Padilla's in forma pauperis application is granted. The Court dismisses defendants the State of Nevada and the North Las Vegas Police Department without prejudice. The Court also dismisses Padilla's Fifth Amendment, Eight Amendment, and Fourteenth Amendment (Equal Protection) claims without prejudice. The Court will allow plaintiff's remaining claims to proceed against the remaining defendants.

## DISCUSSION

      Padilla's filings present two questions: (1) whether Padilla may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Padilla's complaint states a plausible claim for relief.

**I.    Whether Padilla May Proceed In Forma Pauperis**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in

installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated in High Desert State Prison. (ECF No. 1 at 4).  Plaintiff has now filed his account statement, which states that his current account balance is $199.46. (ECF No. 12 at 2). The Court grants plaintiff's application to proceed *in forma pauperis*.

## II.     Whether Padilla's Complaint States a Plausible Claim

### a.   Legal Standard

Because the Court grants Padilla's application to proceed in forma pauperis, it must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Padilla's Claims in the Complaint

Although this Court did not previously screen plaintiff's original complaint (ECF No. 1-1), the Court, "provide[ed] guidance to plaintiff on the screening that will take place should plaintiff's application be granted in the future." (ECF No. 3 at 2). The plaintiff filed an amended complaint that the Court will screen now. (ECF No. 11).

Plaintiff brings claims pursuant to 42 U.S.C. Section 1983. (*Id*. at 1). Padilla filed this action against the State of Nevada, the North Las Vegas Police Department ("NLVPD"), Robert Knickerbocker (North Las Vegas Officer), Daryl Reitz (North Las Vegas Officer), and Alex Ochoa (North Las Vegas Detective). Plaintiff alleges that the Nevada Supreme Court reversed his conviction for ownership or possession of a firearm by a prohibited person because it found that the district court erred in failing to suppress the firearm evidence. (*Id*.) Plaintiff attached a copy of the Nevada Supreme Court opinion

reversing his conviction.[1] (*Id.* at 11; see also *Padilla v. State*, 454 P.3d 705 (Nev. 2019)). Plaintiff alleges that on January 28, 2020 the State of Nevada dismissed the case against him since it could not proceed without the firearm and vacated the conviction. (*Id.*) Plaintiff brings claims against the named defendants under color of law for violations of his civil rights related to the illegal search of his car. (*Id.*) Plaintiff alleges that the defendants violated his Fourth Amendment right against illegal search and seizure, his Fifth Amendment rights because he was deprived of his liberty without due process, his Eighth Amendment rights because the defendants inflicted cruel and unusual punishment upon him, and his Fourteenth Amendment rights entitling him to equal treatment and due process of law. (*Id*. at 5).

### i.  42 U.S.C.S. Section 1983

42 U.S.C.S. Section 1983 creates a cause of action against a person who, acting under the color of state law, deprives a person of their constitutional rights. Under the Eleventh Amendment a state may not be sued in federal court without its consent. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir.). Nevada's legislature has explicitly refused to waive the state's immunity under the Eleventh Amendment. NRS § 41.031(3); *O'Connor*, 686 F.2d at 750. A private individual cannot state a claim against the state under § 1983 because the Supreme Court has held that the state is not a 'person' within the meaning of § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, a municipal entity may be liable when its "policy or custom…inflicts the injury." *Id*. at

---

[1] The Nevada Supreme Court found that the, "officer's intrusion into the center console of Padilla's vehicle was not a protective sweep, but an unconstitutional warrantless search and the district court erred in failing to suppress the firearm evidence." (*Id.*)

694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id*. A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-487.

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

5

The Court lacks jurisdiction over this action against the State of Nevada because under the Eleventh Amendment a state may not be sued in federal court without its consent. Pursuant to statute, Nevada's legislature has refused to waive immunity, thus the State of Nevada must be dismissed as a defendant. The plaintiff also has not alleged any facts that the NLVPD has a policy or custom that is the moving force behind the alleged constitutional violations, so the Court must dismiss the NLVPD as a defendant.

Plaintiff has alleged that the named officers acted under color of state law and deprived him of his constitutional rights. Plaintiff has alleged that the officers were the cause in fact and proximate cause of the alleged constitutional violation because plaintiff alleges that the officers illegally searched his car, which led to his arrest, conviction, and imprisonment. Plaintiff has also shown that the Nevada Supreme Court has reversed his conviction and found that the police illegally searched his vehicle. The plaintiff may bring Section 1983 claims against the named officers.

### 1. Fourth Amendment

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. U.S. Const., Amend. 4. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964-65 (9th Cir.2001); see also *Perez-Morciglio v. Las Vegas Metro. Police Dep't,* 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011). Plaintiff has alleged that the defendants illegally searched his car, that there was no justification for the arrest, that the Nevada Supreme Court determined that the police violated his rights when they searched his car. Construing plaintiff's complaint liberally, the plaintiff has asserted a Section 1983 claim that the defendants violated his Fourth Amendment rights, and he may proceed on that

6

claim.

## 2. Fifth Amendment

The due process clause of the Fifth Amendment is only applicable to the federal government. *Schweiker v. Wilson*, 450 U.S. 221, 227 n.6, 101 S. Ct. 1074, 67 L. Ed. 2d 186 (1981) (stating that "the Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment"); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (noting that "defendant is a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government"); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (stating that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States"); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) (in procedural due process case, noting that the due process principles of the Fourteenth Amendment are the same as those that apply to the federal government through the Fifth Amendment). Plaintiff does not bring claims against the federal government. The Court dismisses plaintiff's Fifth Amendment claim, without prejudice.

## 3. Eighth Amendment

The Eighth Amendment states that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. 8. The Eighth Amendment's prohibition against "cruel and unusual punishment" applies only after conviction and sentence. *Graham v. Connor*, 490 U.S. 386, 393 n.6, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318, 106 S. Ct. 1078, 1083 (1986)(internal

citations omitted). "Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and usual punishment." *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993).

Plaintiff does not challenge the conditions of his confinement or allege that the individual officer defendants used excessive force against him. A very liberal reading of plaintiff's complaint might support an Eight Amendment claim because plaintiff alleges that the district court sentenced him to 28 months to 72 months, that the Nevada Supreme Court reversed his conviction in December 13 2019, but by the time the State of Nevada dismissed his charges on January 24, 2020, he had, "already served the maximum sentence[.]" (ECF No. 11 at 9). Plaintiff also does not address the fact that he is still incarcerated. Even this very liberal reading would fail, however, because none of the named officer defendants would be liable for any alleged extended detention.  The Court finds that plaintiff's Eighth Amendment claims is not plausible.

### 4. Fourteenth Amendment (Due Process)

The Fourteenth Amendment's Due Process Clause provides that: "No state shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. 14. "In evaluating procedural due process claims, the court must engage in a two-step inquiry: (1) the court must ask whether the state has interfered with a protected liberty or property interest; and (2) the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 609 F. Supp. 2d 1163, 1165 (D. Nev. 2009), citing to *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184-85 (9th Cir. 2009). Plaintiff alleges that the officer's actions of illegally searching his car, which led to his conviction and imprisonment, violated his due process rights. Plaintiff has alleged that the officers interfered with a protected liberty interest (his freedom) and the Court must determine whether the procedures attendant upon that deprivation (his

arrest) were constitutionally sufficient. Plaintiff has plausibly alleged a Fourteen Amendment due process violation.

### 5. Fourteenth Amendment (Equal Protection)

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14, § 1. The Equal Protection Clause requires the government to treat all similarly situated persons alike. *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). If a law is administered to discriminate unjustly between persons similarly situated, a denial of equal protection may be the result. *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984). Plaintiff alleges that the named officers illegally searched his car and wrongfully arrested him. Plaintiff does not allege that the police treated him differently from similarly situated individuals. The Court dismisses this claim without prejudice.

### ii. Conclusion

Since this Court will allow some of plaintiff's claims to proceed against some of the listed defendants but dismisses other claims and defendants, the Court will stay this case for 30 days to give plaintiff an opportunity to file an amended complaint prior to the issuance of a summons.

ACCORDINGLY,

IT IS ORDERED that plaintiff Padilla's application to proceed in forma pauperis (ECF No. 1), along with his notice of financial statement (ECF No. 12), is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that defendants the State of Nevada and the North Las Vegas Police Department are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Padilla's Fifth Amendment, Eighth Amendment, and Fourteenth Amendment (Equal Protection) claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until Thursday, December 10, 2020 to file an amended complaint addressing the issues discussed above. If plaintiff does not file an amended complaint, this case will proceed on the Fourth Amendment and Fourteenth Amendment (Due Process) claims against the individual officers only. Failure to timely file an amended complaint that addresses the deficiencies described in this order may result in a recommendation for dismissal of those claims with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. §1915(e)(2).

IT IS FURTHER ORDERED that this action is STAYED pending further order from this Court.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 10th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE