**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RAYMOND PADILLA,<br><br>             Plaintiff,<br>vs.<br><br>STATE OF NEVADA, *et al*.,<br><br>             Defendant. | Case No. 2:20-cv-00066-KJD-VCF<br><br>**ORDER**<br><br>MOTION TO AMEND COMPLAINT (ECF NO. 18); MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 19) |

Before the Court is plaintiff Padilla's motion to amend the complaint (ECF No. 18) and motion for appointment of counsel (ECF No. 19). The Court denies both motions without prejudice.

**I.    Background**

The Court denied plaintiff's initial in forma pauperis application because he is incarcerated and his application did not comply with the Prison Litigation Reform Act (he did file a certified trust account statement) (ECF No. 3). Although the Court did not need to screen the defendant's complaint at that time since it denied his application, the Court, "provide[ed] guidance to plaintiff on the screening that will take place should plaintiff's application be granted in the future." (*Id.* at 2). Padilla filed an objection to the order (ECF No. 4) and a motion to amend his complaint (ECF No. 7). The Court resolved his objection and granted his motion to amend. (ECF No. 10). The Court screened the amended complaint that he attached to his motion to amend via a separate order. (See ECF Nos. 13 and 15). The Court directed the Clerk to docket plaintiff's screened amended complaint (i.e., the Court already screened the amended complaint at ECF No. 16), noted that the plaintiff will be allowed to proceed on some claims, and gave plaintiff until Thursday, December 10, 2020 to file a second amended complaint

that resolved the issues in the screening order. (ECF Nos. 13 and 15). The Court also stayed this action pending further order of the Court since the plaintiff will be allowed to proceed on some claims. (ECF No. 13). Plaintiff did not file a second amended complaint because he filed an objection to the Court's screening order that is currently pending before the Court. (ECF No. 17). Plaintiff now files another motion to amend (ECF No. 18) and a motion for an appointment of counsel (ECF No. 19).

**II.     Analysis**

A district court has substantial inherent power to control and manage its docket to achieve the orderly and expeditious disposition of cases. *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 54 Fed. R. Serv. 3d 286 (9th Cir. 2002), order modified on other grounds, 307 F.3d 943 (9th Cir. 2002) and certified question answered, 31 Cal. 4th 781, 3 Cal. Rptr. 3d 703, 74 P.3d 795 (2003). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The Court denies both motions without prejudice because this action is currently stayed. Also, the Court cannot screen plaintiff's second amended complaint until the Court resolves plaintiff's pending objection regarding the last screening order. Denying both motions now without prejudice serves judicial efficiency because the Court's forthcoming order regarding plaintiff's objection, regardless of the result, will provide plaintiff additional guidance regarding any amendment, which may or may not lead to plaintiff wishing to amend again. While the plaintiff does not have a right to counsel in a civil case, the Court will also be in better position to decide the merits of plaintiff's motion to appoint counsel once the Court resolves plaintiff's objection because it may or may not narrow the issues in this case. Plaintiff will not be prejudiced because he can refile both motions once the Court has resolved his objection to the last screening order. While plaintiff is free to file an objection to this Order, he must not file any other motions until this Court resolves his objection and lifts the stay.

ACCORDINGLY,

IT IS ORDERED that plaintiff Padilla's motion to amend the complaint (ECF No. 18) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (ECF No. 19) is DENIED WITHOUT PREJUDICE.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 6th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE