**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RAYMOND PADILLA,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:20-cv-00066-KJD-VCF

**ORDER**

AMENDED COMPLAINT [ECF No. 11]: MOTION FOR TRANSCRIPTS [ECF No. 25]; MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 26]; MOTION FOR STATUS CHECK [ECF No. 27]

Plaintiff has three pending motions: a motion for transcripts (ECF No. 25); a motion for appointment of counsel (ECF No. 26); and a motion for status check (ECF No. 27). I deny all of them. (ECF Nos. 25, 26 and 27). I also find that plaintiff may now proceed with his case as detailed in this order. See the operative complaint at ECF No. 11.

I. **Background**

I previously granted pro se plaintiff Raymond Padilla's application to proceed in forma pauperis, screened his first amended complaint, dismissed some of plaintiff's claims without prejudice, and found that plaintiff could move forward with some of his claims against the individual defendants North Las Vegas Metropolitan Police Department Officers R. Knickerbocker and D. Reitz. ECF No. 13. I also denied plaintiff's motion for leave to file a second amended complaint without prejudice to refile,

pending Judge Dawson's decision on plaintiff's objection to my order. ECF No. 20. Judge Dawson affirmed my order finding that I, "appropriately preserved Plaintiff's Fourth Amendment and Fourteenth Amendment claims against individual defendants while dismissing the Fifth, Eighth and Fourteenth Amendment (Equal Protection) claims." ECF No. 30 at 1. Judge Dawson also gave plaintiff 21-days from September 1, 2021 to renew his motion to amend. *Id.* at 2. Since that deadline has now passed, plaintiff's case may now proceed with his Fourth Amendment and Fourteenth Amendment claims against the individual defendants per the operative complaint, i.e. the amended complaint (ECF No. 11) that I already screened and Judge Dawson affirmed can move forward.

### A. Motion for transcripts

In plaintiff's motion for transcripts he asks for transcripts from his underlying criminal case in state court. ECF No. 25. I liberally construe plaintiff's motion as a discovery request. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) the ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") None of the defendants have been served and discovery is not yet open. It is also not proper to seek discovery from the Court. I deny his motion for transcripts.

### B. Motion for appointment of counsel

In plaintiff's motion for appointment of counsel (ECF No. 26), he argues that I should appoint him counsel because he "has little to no high school education" and, "he has limited understanding of the law." *Id.* at 3. Plaintiff also argues that he is currently being housed in solitary confinement with limited access to the law library. *Id.* A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the circumstances under which a court will grant such a request, however, are exceedingly

rare, and the court can grant the request only under exceptional circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); and *Agyeman v. Corrections Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Prisoners have rights of access to the courts. *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). These rights include "access to a reasonably adequate law library for preparation of legal actions." *Id.* at 578-79.

Given that some of the claims that plaintiff plead in his first amended complaint survived screening, he has at least some likelihood of success on the merits. Plaintiff's level of schooling, however, does not establish whether he can articulate his claims pro se.  There are different ability levels for students who have achieved the same years of schooling, and plaintiff  has not shown how is education has prevented him from articulating his claims pro se. He successfully navigated the screening stage, which demonstrates his ability to articulate his claims without an attorney.

Even assuming plaintiff's placement in solitary confinement constituted an exceptional circumstance, plaintiff fails to show how it has prevented him from accessing the law library, given that he merely alleges that his access is limited without providing any details. Because limited access may be the reality for all incarcerated persons, it does not rise to the standard of "exceptional circumstances." Plaintiff has successfully navigated the screening stage and per his pro se filings, including the filing of

3

this motion, he has demonstrated his ability to articulate his claims without an attorney. Also, the defendants have not had an opportunity to respond to plaintiff's claims given that none of them have been served yet.

I find that plaintiff has not demonstrated the exceptional circumstances required for the appointment of an attorney. I deny his motion with leave to refile it after all the defendants have been served, if plaintiff believes he has additional specific information for me to consider.

**C. Motion for status check**

"The Court does not provide status checks for its cases and advises [plaintiff] to not file such motions." *Redman v. Aranas*, No. 317CV00551RCJCBC, 2019 WL 2453656, at 1 (D. Nev. June 12, 2019) "Motions such as these put stress on an already overburdened judicial system. The Court receives numerous motions every day and will not provide status checks for its ongoing cases. The Court will address all Parties' contentions in due course." *Id.*

I deny plaintiff's motion for a status check.

ACCORDINGLY,

I ORDER that the Clerk of Court is directed to issue the summons. The operative complaint is plaintiff's first amended complaint. ECF No. 11. The Clerk is directed to deliver same to the U.S. Marshal for service. The Clerk is directed to mail to Plaintiff necessary copies of the USM-285 form. The Clerk is directed to send sufficient copies of the first amended complaint (ECF No. 11), the summons, and this order to the U.S. Marshal. The U.S. Marshal is directed to effectuate service on defendants and NLVMPD Officers R. Knickerbocker and D. Reitz. Plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 form. Within twenty 20 days after plaintiff receives a copy of the completed USM-285 form from the U.S. Marshal, plaintiff must file a notice with the Court

stating if defendants were served. Plaintiff must serve the defendants or file a motion for an extension of time to serve the defendants by **Wednesday, April 27, 2022.**

I FURTHER ORDER that plaintiff's motion for transcripts (ECF No. 25) is DENIED.

I FURTHER ORDER that plaintiff's motion for appointment of counsel (ECF No. 26) is DENIED.

I FURTHER ORDER that plaintiff's motion for status check (ECF No. 27). is DENIED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 27th day of January 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE