1
2
3
4                              UNITED STATES DISTRICT COURT
5                                      DISTRICT OF NEVADA
6                                              * * *
7   RAYMOND PADILLA,                              Case No. 2:20-cv-00066-KJD-VCF
8                           Plaintiff,                            ORDER
9       v.
10  STATE OF NEVADA, *et al.*,
11                          Defendant.

12      Presently before the Court are Plaintiff's Motions for a Settlement Hearing (#50), for

13  Orders Directing Service (#51/63), for Entry of Clerk's Default (#54), and for Preliminary

14  Injunction (#58). The Government filed responses in opposition (#53/55) to the motions for a

15  settlement hearing and motion for default judgment.

16  **Motions for Service**

17      On May 23, 2022, the magistrate judge granted (#46) Plaintiff's motion for leave to file a

18  supplemental complaint. The Supplemental Complaint (#47) was filed the same day. However,

19  no order directing service on the governmental entities or new defendants was made. While a

20  Scheduling Order (#48) was filed, the complaint should have been screened pursuant to 28

21  U.S.C. § 1915A(a). Therefore, the Court cannot order service without first screening the

22  supplemental complaint.

23      The prior screening order of the initial complaint was affirmed (#30) after objection. The

24  court allowed Plaintiff's claims for Fourth and Fourteenth Amendment violations against

25  Defendants Knickerbocker and Reitz to proceed. Those claims carried over into the supplemental

26  complaint are also allowed to proceed. However, Plaintiff also asserts claims that had been

27
28

previously dismissed without correcting deficiencies noted by the court.[1] The court will dismiss those claims from the supplemental complaint and will screen the claims against new parties.

Plaintiff's Supplemental Complaint alleges that after Knickerbocker & Reitz searched Plaintiff's vehicle and arrested Plaintiff for being a prohibited person in possession of a handgun, Defendants Ochoa and Brooks "arrived to assist." Supplemental Complaint, Doc. No. 47, p. 6. Then, Brooks "called in for a search warrant." Id. Defendant Patrick Fischer, crime scene analyst, "processed the scene." However, all of these actions, and subsequent actions alleged by Plaintiff, occurred subsequent to the illegal search and arrest of Plaintiff. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Plaintiff has failed to state a claim against these additional Defendants. Since Plaintiff has already filed three complaints, the Court denies Plaintiff leave to file a further amended complaint and dismisses them with prejudice.

Plaintiff then alleges claims for wrongful or malicious prosecution against the Clark County prosecutors, Defendants Mercer, Craggs and Lexis, that he perceives as being responsible for his prosecution. But prosecutors enjoy absolute immunity when initiating a prosecution, presenting the State's case, evaluating the evidence assembled by law enforcement, and preparing for trial. Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016). Immunity extends even to claims that a prosecutor used perjured testimony at trial or suppressed material evidence. Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (citing Imbler v. Pachman, 424 U.S. 409, 430 (1976)). Plaintiff's allegations against the district attorney defendants are barred by absolute immunity and are dismissed.

Plaintiff brings a Monell claim against the North Las Vegas Police Department alleging that it trains its officers to conduct illegal searches, described as Terry frisks or protective safety sweeps, where no threat to the officers exists. Because Plaintiff has stated an adequate Monell

---

[1] For instance, Plaintiff continues to refer to claims or damages referring to Nevada Revised Statute § 41.900, *et seq.*, which allows claims for wrongful prosecution. However, as already noted by the Court, Doc. No. 33, an action under §41.900 may not be brought in federal court and Plaintiff does not meet the statutory requirements to bring a claim under this section. Therefore, these claims are dismissed.

claim against the North Las Vegas Police Department, his motion for service is granted as to the North Las Vegas Police Department only.

**Motion for Settlement Hearing**

Plaintiff's "request" for a settlement hearing reads more like a demand or motion for summary judgment. Without the acquiescence of Defendants, who have a motion for summary judgment pending and oppose the motion for a hearing, the Court is not inclined to order a settlement conference. Therefore, the motion for a settlement conference is denied.

**Motion for Entry of Clerk's Default**

Plaintiff's basis for the motion for default is Defendants' failure to oppose Plaintiff's motion to file a supplemental complaint. However, the only Defendants who have been served have answered the complaint. Therefore, Plaintiff has failed to meet the standard for entry of default. See Fed. R. Civ. Pr. 55. Plaintiff's motion for entry of default is denied.

**Motion for Preliminary Injunction**

Plaintiff's motion for preliminary injunction complains about the conditions of his confinement, particularly the amount of time allowed out of his cell to use the unit "kiosk" to litigate his case. However, the Court does not have jurisdiction over the facility to manage the conditions of his confinement. Further, Plaintiff has managed to file motions, amended complaints and serve the Defendants. Therefore, he has not met the standard for a preliminary injunction and it is denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for a Settlement Hearing (#50) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Orders Directing Service (#51/63) are **GRANTED in part**;

IT IS FURTHER ORDERED that the claims in the Supplemental Complaint (#47) against Alex Ochoa, David Brooks, Patrick Fischer, Kimberly Dannenberg, Elizabeth A. Mercer, Genevieve Craggs, and Agnes M. Lexis are **DISMISSED with prejudice for failure to state a claim**;

IT IS FURTHER ORDERED that The Clerk of Court **SHALL ISSUE** summonses for Defendant North Las Vegas Police Department, **AND DELIVER THE SAME**, along with the supplemental complaint (ECF No. 47), to the U.S. Marshal for service;

IT IS FURTHER ORDERED that the Clerk of the Court also **SHALL SEND** to Plaintiff one (1) USM-285 form. The Clerk also shall send enough copies of the complaint (ECF No. 47) and this order to the U.S. Marshal for service on Defendant(s). Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to Defendant North Las Vegas Police Department on the form.

IT IS FURTHER ORDERED that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served or not.

IT IS FURTHER ORDERED that if Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Clerk's Default (#54) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (#58) is **DENIED.**

Dated this 23rd day of March, 2023.

Kent J. Dawson
United States District Judge